(15 App. Div. 585.)

PEOPLE ex rel. CONEY ISLAND & B. R. CO. v. NEFF et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

1. TAXATION—PROPERTY SUBJECT TO—STREET-RAILROAD FRANCHISE.
    A franchise to operate a railroad in a street is not taxable as part of the railroad company's personalty.
2. SAME—ASSESSMENT—EVIDENCE.
    A finding by the assessors that a street-railroad company has personalty subject to taxation is against the evidence, where the testimony of one of the officers showed that the indebtedness of the company exceeded its personal property, and the assessors took no other evidence.

Appeal from special term, Kings county.

Certiorari by the Coney Island & Brooklyn Railroad Company to review an assessment on its capital stock for the year 1896. The assessment was vacated, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Rollin A. Breckinridge, Asst. Corp. Counsel, for appellants.
William N. Dykman, for respondent.

CULLEN, J. The appellants, constituting the board of assessors of the city of Brooklyn, assessed the personal estate of the relator in the year 1896 at a valuation of $410,442. Thereupon, during the time provided for that purpose by law, Henry W. Slocum, one of the directors of the corporation, appeared before the board with a verified statement of the property and assets of the corporation and its liabilities. He was sworn and examined as to the correctness of the statement, and the details of the property owned by the corporation. From the statement and the evidence of Mr. Slocum it appeared that the total gross assets of the corporation amounted to $1,046,000; its funded debt, $700,000; and the assessed valuation of

its real estate, $488,321. The aggregate of these last two items exceed the value of the relator's property by $141,494. Mr. Slocum testified that the company was earning more than enough to pay 6 per cent. dividends, and that he considered the capital stock worth more than par. The assessors took no other evidence than that of Mr. Slocum. They appear to have probed the witness to such extent as they saw fit. They sought for information from no other source than his testimony and statement. Thereupon they assessed the personalty of the relator at $340,442. On the hearing at special term, on return to the writ of certiorari, the counsel for the assessors stated that the testimony of Mr. Slocum was sufficient for the disposition of the matter, and that the assessors did not disregard, or claim to be justified in disregarding, such testimony. The special term held that the action of the assessors in assessing the personalty of the relator at any sum was against the evidence, and canceled the assessment.

We think that the action of the special term was unquestionably correct, under the doctrine laid down by the decisions of the court of appeals, whatever might be our view of the question as an original proposition. In People ex rel. Union Trust Co. v. Coleman, 126 N. Y. 433, 27 N. E. 818, it was held that a trust company could be assessed only for its existing tangible capital and surplus, exclusive of its dividend earning power, its franchises, or the good will of an established and prosperous business. It would seem in that case the only franchises the relator had were to be a corporation and to do business. In the case of a street-railroad company, besides the franchise to be a corporation the company has a franchise to maintain and operate a railroad on the street or highway. This last franchise is of a very different character from those of trust companies, banks, and insurance companies. In People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, it was held that such a franchise was property; that the corporation in that case had an estate in fee in Broadway, upon which it was constructed, which could not be abrogated or destroyed by the act of the legislature; that, being property, it would survive the existence of the corporation, and, at the termination of the corporate life of the corporation, go with the other assets to the stockholders or creditors of the company. The distinction between such a franchise and the franchises of exercising banking, trading, and insurance powers, which necessarily expire with the death of the corporation, is clearly pointed out by Ruger, C. J. But in People ex rel. Manhattan Ry. Co. v. Barker, 146 N. Y. 304, 40 N. E. 996, the question of the right to tax the franchises of a street railroad was presented. The court of appeals followed the doctrine of the Union Trust Company Case, supra, and held that the value of the franchise could not be assessed as being part of the personalty of the relator. Under this rule there is no inconsistency between the statements of the witness Slocum, which justifies the assessors from disregarding his evidence as to "its actual, tangible personal property, and not its franchises," which, under the decision in the Manhattan Railway Company Case, was the only thing to be assessed. It is by no means improbable—nay, even, it is quite likely—that,

with only some $1,000,000 worth of property, it is able to pay not only interest on a funded debt of $700,000, but fair dividends on a nominal capital stock of $1,000,000. The reason is that this property is employed in the exercise of a franchise to run a railroad through the public streets. It is this franchise, and not the value of the physical property, that makes the relator's stock valuable. As long as such franchise is exempt from the burden of local taxation, we cannot see that any just criticism can be made upon the statement of the corporation or the evidence of its director.

One argument remains to be noticed. In estimating the value of the assets of the corporation, its real estate was taken at its assessed value. It is said to be a well-known fact that real property in this city is not assessed at its full value, but only 70 per cent. of such value. Assume this to be the case. If we add to the amount of gross assets returned 43 per cent. of the assessed value of the real property, and credit the corporation for $46,568.31, its current debts exclusive of funded obligations, there still remains no excess for which the relator could be taxed.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.